IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                          Case No. 10-20077-02-JWL

**Samuel Barajas,**

      **Defendant.**

### **MEMORANDUM & ORDER**

In May 2012, defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. The court sentenced Mr. Barajas to life in prison. Mr. Barajas appealed the denial of his motion to suppress all evidence obtained from wiretap surveillance and GPS pinging of certain cell phones. The Tenth Circuit held on appeal that this court correctly denied the motion to suppress and affirmed this court's decision.

This matter is now before the court on Mr. Barajas's motion for order directing appellate counsel to release Mr. Barajas's case file so that Mr. Barajas may prepare a § 2255 petition. Mr. Barajas concedes that his appellate counsel had attempted to send the case file to Mr. Barajas but that the Bureau of Prisons had rejected the package in light of certain procedural requirements that were not satisfied. In any event, Mr. Barajas's appellate counsel has filed a response to the motion indicating that he re-sent the package to Mr. Barajas on November 1,

2013 and that the package contains Mr. Barajas's case file. In reply, Mr. Barajas has confirmed to the court that he received the package from his appellate counsel, but that the package does not include numerous items that Mr. Barajas seeks. Specifically, Mr. Barajas requests "investigative reports; affidavits; grand jury transcripts; video recordings; and audio recordings" and he contends that these items are necessary to prepare his § 2255 petition. The court assumes from appellate counsel's response that he does not possess copies of these items in his files. If that is true, appellate counsel need not furnish these additional items to Mr. Barajas and his motion will be denied. In an abundance of caution, however, appellate counsel is directed, no later than January 15, 2014 to either verify to the court that he does not possess these items in his files or to notify the court that he does possess one or more of these items in his files. Upon receiving appellate counsel's verification or notification, the court will either deny Mr. Barajas's motion in its entirety or will grant the motion to the extent any of the specific items requested by Mr. Barajas are maintained in the files of appellate counsel. No further response from Mr. Barajas is anticipated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Barajas's motion for order directing appellate counsel to release Mr. Barajas's case file (doc. 91) is retained under advisement pending verification or notification from appellate counsel no later than January 15, 2014.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2014, at Kansas City, Kansas.

                                                    s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge