IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                         Case No. 10-20077-02-JWL

**Samuel Barajas,**

    **Defendant.**

### **MEMORANDUM & ORDER**

Recently, Mr. Barajas filed a motion for order directing appellate counsel to release Mr. Barajas's case file so that Mr. Barajas may prepare a § 2255 petition. In earlier briefing, Mr. Barajas confirmed to the court that he received from his appellate counsel numerous documents from his case file but indicated his belief that additional documents existed in the file which he did not receive. The court then directed appellate counsel to notify the court whether he possessed any "investigative reports; affidavits; grand jury transcripts; video recordings; or audio recordings" in the case file of Mr. Barajas.

Appellate counsel timely responded to the court's order and, in doing so, indicated to the court that he has both investigative reports and sealed documents in his possession. With respect to the investigative reports, appellate counsel states that the government "loaned" these documents to him with the understanding that counsel would not provide copies of those reports to Mr. Barajas. Counsel states that, upon receipt of the court's order, he asked the government whether he might be released from that understanding so that he could provide copies to Mr. Barajas. According to counsel, the government refused the request and asked for the immediate

return of the reports and counsel has complied with the request. Thus, because counsel no longer possesses any investigative reports, he obviously cannot provide those reports to Mr. Barajas. This aspect of Mr. Barajas's request, then, is denied.

With respect to sealed documents, appellate counsel states that he has certain discovery and transcripts that are sealed but that he is ready to provide those documents to Mr. Barajas if ordered by the court. The court construes counsel's response to mean that he possesses unsealed copies of documents which are sealed in the record as opposed to sealed documents in the case file. In such circumstances, the court believes it is appropriate to require the government to show good cause, no later than **Friday, January 31, 2014** why appellate counsel should not be required to provide the documents to Mr. Barajas. *See United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (party seeking to keep records sealed bears the burden of justifying secrecy).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government shall show good cause to the court no later than **Friday, January 31, 2014** why appellate counsel should not be required to provide to Mr. Barajas copies of documents in his case file that are sealed in the record.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Barajas's motion for order directing appellate counsel to release Mr. Barajas's case file (doc. 91) remains under advisement pending the government's response to the court's order to show cause.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
