# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                       Case No. 10-20077-02-JWL

**Samuel Barajas,**

    **Defendant.**

## MEMORANDUM & ORDER

In November 2013, Mr. Barajas filed a motion for order directing appellate counsel to release Mr. Barajas's case file so that Mr. Barajas may prepare a § 2255 petition. In earlier briefing, Mr. Barajas confirmed to the court that he received from his appellate counsel numerous documents from his case file but indicated his belief that additional documents existed in the file which he did not receive. The court then directed appellate counsel to notify the court whether he possessed any "investigative reports; affidavits; grand jury transcripts; video recordings; or audio recordings" in the case file of Mr. Barajas.

Appellate counsel timely responded to the court's order and, in doing so, indicated to the court that he has both investigative reports and sealed documents in his possession. With respect to the investigative reports, appellate counsel states that the government "loaned" these documents to him with the understanding that counsel would not provide copies of those reports to Mr. Barajas. Counsel states that, upon receipt of the court's order, he asked the government whether he might be released from that understanding so that he could provide copies to Mr. Barajas. According to counsel, the government refused the request and asked for the immediate

return of the reports. Counsel, however, has retained possession of those investigative reports pending further order of the court.[1] With respect to sealed documents, appellate counsel indicated to the court that he possesses unsealed copies of documents which are sealed in the record and that he was prepared to provide those documents to Mr. Barajas upon order of the court. The court then directed the government to show good cause why appellate counsel should not be required to provide the documents to Mr. Barajas.

The government has filed its response, explaining that appellate counsel had shared with counsel for the government a detailed inventory of all discovery in his possession—including both investigative reports as well as sealed documents.[2] According to the government, the inventory lists several thousand pages of documents. The government does not oppose releasing the inventoried discovery to Mr. Barajas with the exception of those portions of the wiretap affidavits known in California as "*Hobbs*" material. The government has established good cause (and has satisfied the standard articulated by the Tenth Circuit in *United States v. Pickard*, 733 F.3d 1297 (10th Cir. 2013)) not to release the *Hobbs* material to Mr. Barajas as that material might compromise the identify of a Confidential Informant. *See id*. at 1303 n.6 (protecting the

---

[1] While the court previously indicated that appellate counsel had complied with the government's request and had returned the loaned documents, appellate counsel has filed a motion to clarify (doc. 102) indicating that he still possesses those documents pending further order of the court. In the meantime, the Clerk's Office has indicated to the court that appellate counsel today deposited with the Clerk of the Court all inventoried discovery. The motion to clarify is granted.

[2] Despite the fact that the court only ordered the government to address the sealed documents, the government, recognizing the likelihood that Mr. Barajas would ask the government for all documents in any event, wisely has addressed all inventoried discovery. The court appreciates counsel's assistance in this regard.

identity of a confidential informant is generally a sufficient interest to warrant sealing documents).

To ensure that any *Hobbs* material is not inadvertently released to Mr. Barajas, the court agrees with the government's suggestion that counsel for the government and appellate counsel convene at a mutually agreeable time to review (in the Clerk's office) the inventoried discovery that appellate counsel will provide to Mr. Barajas and to ensure that said discovery does not include any *Hobbs* material. Toward that end, the court directs counsel for the government and appellate counsel to meet and review the materials no later than Friday, February 28, 2014. Appellate counsel shall then mail the inventoried discovery (except the *Hobbs* material) to Mr. Barajas no later than Wednesday, March 5, 2014 and he shall file a notice with the court when he has done so.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Barajas's motion for order directing appellate counsel to release Mr. Barajas's case file (doc. 91) is granted in part and denied in part and the motion to clarify filed by appellate counsel (doc. 102) is granted.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
