# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                     Case No. 10-20077-02-JWL
                                                               14-2475-JWL

**Samuel Barajas,**

      **Defendant.**

## MEMORANDUM & ORDER

In September 2011, defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. The court sentenced Mr. Barajas to life in prison. He timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in which he asserted a number of claims, including that his trial counsel provided ineffective assistance in connection with Mr. Barajas's decision to proceed to trial rather than enter a plea of guilty. The court granted Mr. Barajas's request for an evidentiary hearing on that claim, which it retained under advisement, appointed counsel for litigation of that claim, and dismissed the petition in all other respects. On January 29, 2016, the court held an evidentiary hearing on the claim and, thereafter, denied the claim in a written memorandum and order dated February 4, 2016. On February 12, 2016, Mr. Barajas filed a notice of appeal with respect to the court's February 4, 2016 memorandum and order.

This matter is now before the court on Mr. Barajas's pro se motion—filed February 18, 2016—requesting a stay or an injunction of his sentence on the grounds that his appointed counsel failed to provide effective assistance of counsel in connection with his claim. According to Mr. Barajas, his counsel's deficient performance caused him to reject a plea offer made by the government just prior to the evidentiary hearing. Because Mr. Barajas's motion attacks the integrity of the habeas proceeding, it is properly characterized as a Rule 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Mr. Barajas's appeal, then, does not preclude the court from considering the motion on its merits. *See Burgess v. Daniels*, 576 Fed. Appx. 809, 813 (10th Cir. 2014) (district court lacks jurisdiction to grant a Rule 60(b) motion without remand from Circuit, but retains jurisdiction to consider and deny a Rule 60(b) motion). The court, then, will permit the government an opportunity to respond to Mr. Barajas's motion and Mr. Barajas an opportunity to reply to any response filed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Mr. Barajas's motion for a stay or injunction (doc. 190) is **retained under advisement**. The government shall file any response to the motion on or before **March 22, 2016** and Mr. Barajas shall file any reply to the response on or before **April 19, 2016**.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge