IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                  Case No. 10-20077-02-JWL
                                                                14-2475-JWL

**Samuel Barajas,**

       **Defendant.**

## MEMORANDUM & ORDER

In May 2015, the court appointed Catherine A. Zigtema to represent Mr. Barajas in connection with an ineffective-assistance-of-counsel claim asserted by Mr. Barajas in his § 2255 petition. On January 29, 2016, the court held an evidentiary hearing on the claim and, thereafter, denied the claim in a written memorandum and order dated February 4, 2016. Ms. Zigtema, on behalf of Mr. Barajas, filed a notice of appeal with respect to the court's February 4, 2016 memorandum and order. She was then permitted to withdraw from further representation of Mr. Barajas.

This matter is presently before the court on Mr. Barajas's pro se motion requesting a stay or an injunction of his sentence on the grounds that Ms. Zigtema failed to provide effective assistance of counsel in connection with his § 2255 claim. According to Mr. Barajas, his counsel's performance in preparation for the hearing caused him to reject the government's plea offer made just prior to the hearing. The court previously held that Mr. Barajas's motion is properly characterized as a Rule 60(b)(6) motion (rather than a successive § 2255 petition) because Mr. Barajas is not seeking to reopen the claim raised in his initial proceeding (that his

counsel's performance caused him to reject a plea offer prior to trial) but instead asserts that habeas counsel's performance caused him to reject a plea offer made prior to the evidentiary hearing on his § 2255 claim—an argument that does not lead to a merits-based attack on the disposition of his § 2255 petition.[1]

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment or order in limited circumstances. Fed. R. Civ. P. 60(b)(1)-(6). The only provision that might possibly apply to Mr. Barajas's claim of ineffective assistance of counsel in connection with his habeas proceeding is Rule 60(b)(6). Relief under Rule 60(b)(6) is "extraordinary" and may only be granted in exceptional circumstances, which will occur only rarely in the habeas context. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). While the Tenth Circuit has not addressed the issue, the Second Circuit has held that, because habeas petitioners have no constitutional right to counsel, the integrity of a habeas proceeding cannot be impugned under Rule 60(b)(6) using the standard established in *Strickland v. Washington*, 466 U.S 668 (1984). *See Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004). Rather, a "Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." *Id.*; *Klapprott v. United States*, 335 U.S. 601, 613 (1949) (concluding that relief was justified under Rule 60(b)(6) where the petitioner was deprived of any reasonable opportunity to defend against the charges).

There is no basis to conclude that counsel's performance remotely approached a level of deficiency that could satisfy the Rule 60(b)(6) standard. Mr. Barajas contends that Ms. Zigtema

---

[1] To the extent this claim is more accurately construed as a successive § 2255 petition, the court would dismiss Mr. Barajas's motion based on his failure to obtain authorization from the Circuit to file it. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

failed to explain the "meaning of a life sentence" in the federal sentencing context, causing him to reject the government's plea offer just prior to the evidentiary hearing. To the contrary, the record demonstrates that Mr. Barajas, as he told the court at the start of the evidentiary hearing, rejected that offer because it required him to serve "too much time," it was "unfair," and he continued to maintain his innocence. The record further reflects that Ms. Zigtema, in a written letter to Mr. Barajas prior to the hearing, urged him to accept the government's offer "instead of dying in prison" and told him expressly that accepting the plea offer "is the only way you will walk out of prison." Nothing in the record supports Mr. Barajas's argument that he failed to understand the meaning of a life sentence or that his counsel's conduct caused him to reject the government's offer.

Mr. Barajas further contends that his counsel refused to provide, on Mr. Barajas's behalf, a document to the court at the start of the evidentiary hearing. That document, attached to Mr. Barajas's motion, purports to be a letter from a Unit Manager at CCA indicating that Ms. Zigtema, during a visit with Mr. Barajas on the day prior to the hearing, "began yelling at the inmate and using obscenities" and continued to do so even after a correctional officer asked her to calm down. Even assuming the admissibility and truth of this document, it certainly does not indicate that Mr. Barajas was deprived of any reasonable opportunity to present his claims to the court or to be heard in any respect. Had Mr. Barajas or his counsel presented that document to the court prior to the evidentiary hearing, it would have had no bearing on the hearing itself, the outcome of the hearing, or Mr. Barajas's decision to forego the government's plea offer. Without question, Ms. Zigtema's refusal to submit the document to the court does not warrant extraordinary relief under Rule 60(b)(6). If anything, this conduct by counsel, albeit perhaps

less than fully polite, would have been further circumstantial evidence of Ms. Zigtema's adamant recommendation that Mr. Barajas accept the plea offer. He rejected that advice, as he did the advice of his lawyer at trial, took his chances and cannot now have yet another chance for a "do over."

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Barajas's motion requesting stay or injunction (doc. 190) is **denied**.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
