## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

**Plaintiff,**

**v.**                                                                                    **Case No. 10-20077-02-JWL**

**Samuel Barajas,**

**Defendant.**

## <u>MEMORANDUM & ORDER</u>

In September 2011, defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. Based on a total offense level of 44, which exceeded the maximum of 43 provided for in the sentencing table, and a criminal history category of I, Mr. Barajas's advisory guideline range was life imprisonment and the court sentenced Mr. Barajas to life in prison. Mr. Barajas appealed the denial of his motion to suppress all evidence obtained from wiretap surveillance and GPS pinging of certain cell phones. The Tenth Circuit held on appeal that this court correctly denied the motion to suppress and affirmed this court's decision. After Mr. Barajas's petition for writ of certiorari was denied, he timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his petition, Mr. Barajas asserted a number of claims, including that his trial counsel provided ineffective assistance in connection with Mr. Barajas's decision to proceed to trial rather than enter a plea of guilty. The court granted Mr. Barajas's request for an evidentiary

hearing on that claim, which it retained under advisement, appointed counsel for litigation of that claim, and dismissed the petition in all other respects. On January 29, 2016, the court held an evidentiary hearing on the claim and, in a subsequent written memorandum and order, denied the claim.

This matter is now before the court on Mr. Barajas's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Barajas's base offense level is 36 and his total offense level is 42, resulting in an amended guideline range of 360 months to life imprisonment.[1] The government concedes that Mr. Barajas is eligible for a reduction but contends that a reduction is not warranted in light of the nature and circumstances of Mr. Barajas's crimes of conviction, including the fact that he was involved with very large quantities of very high purity methamphetamine imported from Mexico and was a leader of the conspiracy.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second

---

[1] Mr. Barajas asserts that his base offense level under the amended guidelines is 34 with an amended guideline range of 292 to 365 months imprisonment. In his calculations, Mr. Barajas utilizes the base offense level that corresponds to drug quantities of "at least 500 G but less than 1.5 KG" of methamphetamine rather than the level that corresponds to "at least 1.5 KG but less than 4.5 KG" of methamphetamine. But as Mr. Barajas admits, the court attributed 1.5 kilograms of methamphetamine to him. Accordingly, the higher base offense level (36) applies to Mr. Barajas.

question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here. In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court concludes that a reduction is warranted and will resentence Mr. Barajas to the low-end of the amended range. In granting a reduction, the court rejects the government's argument that no reduction whatsoever is warranted in light of the seriousness of Mr. Barajas's crimes. The nature and circumstances underlying Mr. Barajas's crimes are already factored into his total offense level—including the quantity of drugs for which he is responsible and his leadership role in the conspiracy. Those factors, then, do not suggest that Mr. Barajas, who is otherwise eligible for a reduction, should be denied a reduction. This is particularly true because the court, in resentencing eligible defendants under Amendment 782, endeavors to determine what sentence a particular defendant should have received had the revised Drug Quantity Table been in effect at that time. Had the revised Drug Quantity Table been in effect at the time of Mr. Barajas's sentencing, the court likely would have sentenced him to 360 months. Finally, as highlighted by Mr. Barajas in his reply, the government extended a plea offer to Mr. Barajas during the § 2255 proceedings. While the specifics of that offer was not disclosed to the court, it clearly was something other than life in prison and Mr. Barajas represents that the offer

3

proposed a range of 262 to 327 months.  This clearly indicates to the court that even under the government's evaluation of Mr. Barajas' conduct, a sentence of life imprisonment is more than is necessary to fulfill the requirements of § 3553(a).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Barajas's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 223) is **granted as described herein** and Mr. Barajas's sentence is **reduced from life imprisonment to 360 months imprisonment**.  All other provisions of the judgment dated December 12, 2011 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

.