# UNITED STATES DISTRICT COURT

## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                         CASE NO. <u>10-20077-JWL-2</u>

SAMUEL BARAJAS,
    a.k.a. "Sammy,"

       Defendant.

---

### GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REQUEST FOR APPOINTMENT OF COUNSEL
(Doc. 232)

---

The United States of America, by and through Carrie N. Capwell, Assistant United States Attorney, opposes the defendant's pro se motion for appointment of counsel and for compassionate release (Doc. 232), brought pursuant to Title 18, United States Code, Section 3582(c)(1)(A).

## I.   <u>PROCEDURAL HISTORY</u>

In September 2011, defendant Samuel Barajas ("Barajas") was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine;

aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility in committing, causing and facilitating the drug conspiracy. (Docs. 1, 54, 62.) Based on a total offense level of 44 and a criminal history category of I, Barajas's sentencing guideline range was life imprisonment. (Doc. 227 at 1.) On December 12, 2011, this Court sentenced Barajas to life in prison. (Doc. 62.) The United States Court of Appeals for the Tenth Circuit affirmed this Court's decision denying Barajas's motion to suppress the wiretap and GPS evidence. (Doc. 88.)

This Court denied Barajas's motion to vacate pursuant to 28 U.S.C. § 2255. (Docs. 132, 177.) This Court also denied Barajas's Rule 60(b)(6) motion. (Doc. 217.)

On February 22, 2017, this Court granted Barajas's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Commission Guidelines Manual. (Docs. 227, 228.) This Court resentenced Barajas to the low-end of the amended guideline range, which was 360 months' imprisonment. (Doc. 228 at 1.)

His projected release date, taking into account good time credit, is December 18, 2035.   (Doc. 232 at 1; *see also* https://www.bop.gov/inmateloc/ (last visited January 25, 2022).)



SAMUEL BARAJAS

Register Number: 20607-031

Age:    38
Race:   White
Sex:    Male

Located at: Safford FCI
Release Date: 12/18/2035

On December 28, 2021, Barajas filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking immediate release. (Doc. 232 at 3-5.) In that motion, Barajas also requests that this Court appoint counsel to aid him in pursuing compassionate release. (*Id.* at 6.) His release plan is to live in Michoacan, Mexico with family. (Doc. 234.)

## II.   ARGUMENT

### A. Request for Appointment of Counsel

This Court should deny Barajas's request for appointment of counsel. While there is no constitutional or statutory right to counsel in the prosecution of a post-conviction motion, *see Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), courts have broad discretion to appoint counsel for indigents, *see Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In determining whether to appoint counsel, the court considers several factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability

3

to present his claims, and the complexity of the legal issues raised by the claims." *Id*. These factors weigh against the appointment of counsel here, as the matter is not complex, and the reasons Barajas presents in support of compassionate release lack merit.

Moreover, under Standing Order 19-1 of the U.S. District Court for the District of Kansas, the Federal Public Defender's Office ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603 of the First Step Act, based on medical condition or age. That order was supplemented by Administrative Order 2020-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within 15 days of any pro se filing requesting compassionate release whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such a determination. Here, the FPD has not entered an appearance on Barajas's behalf, and the time to do so has passed.

For these reasons, this Court should deny Barajas's request for appointment of counsel.

**B. Motion for Compassionate Release**

Barajas submits that four extraordinary and compelling reasons exist warranting his immediate release: (1) his sentence of 360 months' imprisonment is unusually long; (2) his life sentence was reduced to 360 months' imprisonment pursuant to Amendment 782; (3) he has a "remarkable record of rehabilitation," which shows that he is not a danger to the public; and (4) his sentence is grossly disproportionate to the crimes he committed. (*Id.* at 5.) Under a heading labeled "**B. Dependent Family Member**," Barajas notes that, with leave of court, he will supplement this section. (*Id.*) To date, he has not done so. For the following reasons, this Court should deny the defendant's motion.

      1.  <u>Defendant's Obligations</u>

The defendant bears the burden to demonstrate that circumstances exist warranting this Court's consideration of compassionate release. *See United States v. Rodriguez-Orejuela*, 457 F.Supp.3d 1275, 1282 (S.D. Fla. 2020) (noting that under the CARES Act/Section 3582(c) framework the defendant bears the burden of establishing that compassionate release is warranted); *United States v. Holden*, 452 F.Supp.3d 964, 969 (D. Ore. 2020) (noting that "[a] defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that

compelling and extraordinary reasons exist to justify compassionate release.");
*United States v. Epstein*, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) ("Simply put, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.").[1]

As discussed more fully below, Barajas fails to bear his burden to show that compelling and extraordinary reasons exist to warrant compassionate release, so this Court should overrule his motion and deny the requested relief.

2. Legal Framework

As a general matter, federal courts are prohibited from modifying a defendant's term of imprisonment once it has been imposed; however, this rule is subject to a limited number of narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011). Section 3582(c)(1) qualifies as one of these exceptions and provides that a district court is authorized to grant a motion for reduction of

---

[1] The defendant must also establish that he has a valid release plan in place. *See United States v. Allison*, 2020 WL 3077150, at *4 (W.D. Wash. June 10, 2020) ("An appropriate release plan is essential to ensure that a defendant actually has a safe place to live and access to health care in these difficult times. Shortening a defendant's sentence where there is no adequate release plan offers no benefit to the health of the inmate and in the process likely further endangers the community into which the defendant is release.")

sentence whether filed by the Director of the BOP or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis supplied). The government has confirmed that the Warden of FCI Safford denied Barajas's request for compassionate release on December 10, 2021, so the government does not challenge exhaustion by Barajas.

A district court may grant a motion for sentence reduction *only* if the following three requirements are met: (1) there are extraordinary and compelling reasons warranting the reduction; (2) the reduction is consistent with the applicable policy statements issued by the United States Sentencing Commission; and (3) the district court considers the factors set forth in Section 3553(a), to the extent they are applicable. *Id.*; *see also, e.g., United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).[2]

To satisfy the requirements of Section 3582(c)(1)(A), a district court must engage in a three-step process. *McGee*, 992 F.3d at 1042-43 (adopting test

---

[2] To the extent the defendant moves this Court to place him on home confinement, this Court does not have authority to grant a transfer to home confinement, or review BOP's administrative decision regarding that issue. *See* 18 U.S.C. § 3621(b) (BOP's designation decision is not subject to judicial review).

established in *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) ("Because this three-step test is consistent with the plain language of [Section 3582(c)(1)(A)], we adopt the test for use in this circuit.").

At step one, a district court must find whether extraordinary and compelling reasons warrant a sentence reduction. *McGee*, 992 F.3d at 1043. To that end, "the most plausible interpretation of . . . [Section] 3582(c)(1)(A)(i) is that Congress intended to afford district courts with discretion, in carrying out the first step of the statutory test . . . [and] to independently determine the existence of 'extraordinary and compelling reasons,' and for the discretion to be circumscribed under the second step of the statutory test by requiring district courts to find that a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id*. at 1044.

At step two, a district court must determine whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. at 1048. As highlighted by the Court in *McGee*, the Sentencing Commission's description of what constitutes "extraordinary and compelling reasons" must be viewed as a "general policy statement" rather than the equivalent of a statutory definition. *Id*. at 1048. As the Court in *McGee* opined:

8

[I]n applying the first part of [Section] 3582(c)(1)(A)'s statutory test, [district courts] have the authority to determine for themselves what constitutes "extraordinary and compelling reasons," but that this authority is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission pursuant to [Sections] 994(a)(2)(C) and (t).   In other words, we conclude that Congress did not, by way of [Section] 994(t), intend for the Sentencing Commission to exclusively define the phrase "extraordinary and compelling reasons," but rather for the Sentencing Commission to describe those characteristic[s] or significant qualities or features that typically constitute "extraordinary and compelling reasons," and for those guideposts to serve as part of the general policy statements to be considered by district courts under the second part of the statutory test in [Section] 3582(c)(1)(A).

*Id*. at 1045.[3]

Finally, at step three, a district court must address the applicable factors under Section 3553(a). *Id*. at 1042-43. Importantly, a district court may deny compassionate release when any of the three prerequisites listed in Section 3582(c)(1)(A) is lacking and need not address the other factors. *Id*. at 1043 (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)); *see also United States v. Hald,* 8 F.4th 932, 942 (10th Cir. 2021) (reaffirming *McGee's* declaration that the

---

[3] Notably, the Court in *McGee* further concluded, consistent with the Second, Fourth, Sixth, and Seventh Circuits, "that the Sentencing Commission's existing policy statement is applicable *only* to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." 992 F.3d at 1050 (emphasis supplied); *see also Maumau*, 993 F.3d at 836-37 (rejecting the government's position that Section 1B1.13 remains binding on the district court when a defendant files a motion for sentence reduction under Section 3582(c)(1)(A) directly with the district court).

three steps could be considered in any order). Conversely, when a district court determines that compassionate release is warranted, "it must of course address all three steps." *McGee,* 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

Section 3582(c)(1)(A) itself requires that the reason for release be "extraordinary and compelling." And, as the Court in *Maumau* noted, a sentence reduction must be supported by "a combination of factors" that warrant a sentence reduction for extraordinary and compelling reasons. 993 F.3d at 837; *Hald*, 8 F.4th at 938 n.4 ("The design of Congress in amending § 3582(c)(1)(A) was not to create an open season for resentencing (after all, the title of the amendment speaks in terms of 'Compassionate' release . . .)[.]").

Barajas first argues that he is entitled to compassionate release because his sentence of 360 months' imprisonment is "unusually long." (Doc. 232 at 5.) Given the facts of his case—including the quantity and type of drug, as well as his leadership role—and the fact that this Court sentenced him to the low-end of the amended guideline range, Barajas's argument fails.

As reflected in the Presentence Investigation Report ("PSR"), Barajas was held accountable for 4.076 kilograms of "Ice" methamphetamine. (PSR at 12, ¶ 47.) At the time of defendant's sentencing, this quantity of "Ice"

methamphetamine resulted in a base offense level of 38. (*Id*. at 13, ¶ 52.) The defendant received a four-level enhancement for being an organizer or leader of criminal activity that involved 5 or more participants. (*Id*., ¶55.) Because Barajas elected to proceed to trial, rather than plead guilty, he did not receive a reduction for acceptance of responsibility. (*Id*., ¶58.) Based on a total offense level of 43 and Criminal History Category I, the advisory guideline range was life imprisonment (PSR at 14, ¶61; *id*. at 18, ¶ 88), which is the sentence this Court originally imposed (Doc. 62).

After Amendment 782 to the Guidelines, the base offense level for this same quantity of "Ice" methamphetamine was decreased to level 36, and the defendant's amended guideline range was 360 months' to life imprisonment. (Doc. 227 at 2.) This Court granted Barajas's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and resentenced him to the low-end of the amended guideline range. (*Id*. at 4.) The defendant's argument that his sentence of 360 months is "unusually long" is negated by the fact that this Court sentenced him to the low-end of the applicable guideline range, which was determined based on the facts of his case and his criminal history.

One of the principal objectives of the federal sentencing guidelines is to achieve "reasonable uniformity in sentencing by narrowing the wide disparity in

sentences imposed by different federal courts for similar conduct by similar offenders." United States Sentencing Commission Guidelines Manual ("U.S.S.G."), Ch. 1, Pt. A, *The Basic Approach* (Policy Statement). *See also, e.g., United States v. Blackwell*, 127 F.3d 947, 952 (10th Cir. 1997); *United States v. Diaz-Bonilla*, 65 F.3d 875, 877 (10th Cir. 1995). Barajas's sentence of 360 months is not "unusually" long given the application of the sentencing guidelines to his offense conduct.

Second, Barajas argues that compassionate release is warranted because this Court reduced his sentence to 360 months' imprisonment pursuant to Amendment 782. (Doc. 232.) Barajas does not explain how the prior reduction of his sentence qualifies as a compelling and extraordinary reason, which now justifies compassionate release. As this Court previously explained, "the court, in resentencing eligible defendants under Amendment 782, endeavors to determine what sentence a particular defendant should have received had the revised Drug Quantity Table been in effect at that time." (Doc. 227 at 3.) This Court's sentence of 360 months remained within the applicable guideline range. Therefore, the prior sentence reduction is not an extraordinary reason warranting compassionate release.

Third, Barajas argues that he has a "remarkable record of rehabilitation" which shows that he is not a danger to the public. (Doc. 232 at 5.) In support of this argument Barajas attached a one-page document, signed by him, noting that he has received "great progress reports" and has "obtained and participated in numerous programs, sports events, mentoring, self-improvement classes, and obtained certificates of achievement." (Doc. 232-1.) The government obtained the defendant's "Inmate Education Data" from the Bureau of Prisons and attaches it hereto as Attachment 1. While Barajas's participation in many programs and classes while incarcerated is commendable, even when considered in combination with the other factors Barajas raises in support of his motion, he does not bear his burden to establish a compelling and extraordinary reason warranting compassionate release.[4]

Last, Barajas argues that this Court should grant compassionate release because his sentence is "grossly disproportionate to the crimes he committed." (Doc. 232 at 5.) This argument is very similar to his first argument—that his sentence is unusually long. As noted above, his sentence of 360 months' imprisonment is a low-end of the guideline range sentence. The defendant's total

---

[4]  Title 18, United States Code, Section 994(t) makes clear that "Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason." (emphasis added).

offense level took into account the nature and circumstances of defendant's offense, including drug quantity and his leadership role. In reducing the defendant's sentence to 360 months, pursuant to Amendment 782, this Court noted that this is the sentence it likely would have imposed at the original sentencing if the revised Drug Quantity Table had been in effect that that time. (Doc. 227 at 3.) Thus, at both the original sentencing, and in reducing Barajas's sentence, this Court considered the nature and circumstances of the offense, as well as other Section 3553(a) factors, and found that a Guidelines sentence was fair and reasonable. (*See, e.g.*, Doc. 227 at 3 (noting that "the nature and circumstances underlying Mr. Barajas's crimes are already factored into his total offense level").) Because Barajas does not bear his burden to establish an extraordinary and compelling reason for release, the Court may end its analysis here.

To the extent that a defendant can establish an extraordinary and compelling reason for release, satisfying that burden does not resolve the defendant's entitlement to a reduction in sentence or release from confinement. This Court must still consider whether the defendant poses a danger to the community and other relevant factors under Section 3553(a) before making the ultimate decision on release. Accordingly, this Court must consider (1) the

14

defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.   *See* 18 U.S.C. § 3553(a)(1)–(6)).

Applying the Section 3553 factors here weigh against reducing Barajas's sentence to time-served. While Barajas is unlikely to pose a danger if released, and is likely to be deported, he has approximately 167 months remaining of his 360-month sentence. A reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his sentence to continue to provide just punishment, to afford adequate general deterrence, and otherwise promote respect for the law. The defendant's circumstances have not changed such that a reweighing of the 3553(a) factors warrants his immediate release.

## III.   **CONCLUSION**

For the foregoing reasons, this Court should deny Barajas's motion for appointment of counsel and motion for compassionate release.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

By:      s/Carrie N. Capwell
         Carrie N. Capwell, #78677
         Assistant United States Attorney
         District of Kansas
         500 State Ave., Rm. 360
         Kansas City, Kansas 66101
         Tel.: (913) 551-6730
         Fax: (913) 551-6541
         carrie.capwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January 2022, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to those attorneys who have entered their appearance in the matter; and, that a true and correct copy of the same will be sent, first class, postage prepaid, via the USPS to:

Samuel Barajas
Reg. No. 20607-031
FCI Safford
PO Box 9000
Safford, AZ 85548

s/Carrie N.Capwell
Carrie N. Capwell
Assistant United States Attorney

17