IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                Case No. 10-20077-02-JWL

**Samuel Barajas,**

    **Defendant.**

## MEMORANDUM & ORDER

Defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. Based on a total offense level of 44 and a criminal history category of I, the advisory guideline range was life imprisonment. The court sentenced defendant to life in prison. In February 2017, the court granted defendant's motion for a sentence reduction under Amendment 782 and resentenced defendant to 360 months imprisonment, the low-end of the amended guideline range. Defendant's projected release date is December 18, 2035.

This matter is now before the court on defendant's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and to appoint counsel (doc. 232). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a

sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[1] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id.* As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The court, then, declines to address the other prerequisites.

The defendant argues that two extraordinary and compelling reasons exist for his immediate release from prison—his 360-month sentence is excessive and he has undergone substantial rehabilitation while in custody.[2] The court begins with defendant's argument that his sentence is excessive. Defendant does not contend that his sentence would be lower if he were sentenced today for the same conduct and the record reveals that his sentence was based on a straightforward application of the sentencing guidelines in light of his crimes of conviction. The PSR calculated a base offense level of 38 based on the quantity of methamphetamine attributed to

---

[1] The government concedes that defendant has adequately exhausted his administrative remedies.
[2] In his motion, defendant asserts that he intends to also seek release based on "a dependent family member" and that he intends to supplement his motion. No supplement has been submitted and the court does not consider this asserted reason. Moreover, in his reply brief, defendant references several district court decisions granting compassionate release for reasons associated with the COVID-19 pandemic. But defendant makes no argument that he should be released based on COVID-19 and, even if his reply could be liberally construed as advancing that argument, the court declines to address it. *See Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (court does not address arguments raised for the first time in reply brief).

defendant (more than 1.5 kilograms of "Ice") and he received a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine. He received a four-level enhancement based on his leadership role in the offense. In essence, then, defendant's challenge to his lengthy sentence is one to the sentencing guidelines themselves. This complaint is likely shared by a significant number of individuals who are serving lengthy sentences after drug convictions. But, as explained by the Tenth Circuit, § 3582(c)(1)(A) is designed to remedy a defendant's "unique circumstances." *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021). Defendant has not identified any circumstances about his sentence, unique to him, that warrant a reduction in his sentence. *See United States v. Georgiou*, 2021 WL 1122630, at *10 (E.D. Pa. Mar. 23, 2021) (rejecting argument that defendant's 300-month sentence was disproportionately long; defendant's challenge was to the guidelines themselves, a challenge that § 3582(c) was not designed to remedy) (citing *United States v. Williams*, 2020 WL 5573046, at *4 (E.D. Pa. Sept. 17, 2020) ("The remedy that [defendant] seeks is reserved for circumstances peculiar to an individual—his health, his age—and is not designed to challenge the guidelines themselves . . . [This] would undermine the very function of the federal sentencing regime: to provide certainty and consistency across sentences.")).

The court also rejects defendant's argument that his rehabilitation is sufficient to warrant early release. Generally, the rehabilitation of an inmate during his or her incarceration is not grounds for compassionate release. *See, e.g., United States v. Alvarez*, 2020 WL 4904586, at *5 (E.D.N.Y. Aug. 20, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.") (emphasis in original); *see also United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Cir. Mar. 26, 2020) (district court did not err in

finding, consistent with § 994(t), that defendant's rehabilitation alone was not an extraordinary and compelling reason for a sentence reduction). And while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see Alvarez*, 2020 WL 4904586, at *5, such as Congress's decision to eliminate stacked sentencing under § 924(c). *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases). That critical factor is absent from the record here. Defendant has not shown anything objectionable about the length of his sentence or any reason why his sentence would be less if imposed today.

     The court turns, then, to defendant's motion for appointment of counsel, which the court denies. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant. As described above, the substantive merits of defendant's motion for compassionate release do not warrant

appointing counsel at this time. Moreover, defendant's pro se motion for compassionate release reflects that he is able to articulate his arguments clearly and coherently and that the factual and legal issues implicated by the motion are straightforward. Finally, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. On January 11, 2022, the Federal Public Defender notified the court that it had reviewed defendant's pro se motion for compassionate release and that it did not intend to enter an appearance on his behalf.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and to appoint counsel (doc. 232) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge