UNITED STATES DISTRICT COURT
District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                             CASE NO. <u>10-20077-JWL-2</u>

SAMUEL BARAJAS,
  a.k.a. "Sammy,"

      Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION
(Doc. 241)

The United States of America, by and through Assistant United States Attorney Carrie N. Capwell, opposes the defendant Samuel Barajas's pro se motion for reconsideration (Doc. 241) of the Court's Order (Doc. 239) denying his motion for compassionate release (Doc. 232).

## I.   <u>Procedural History</u>

A more detailed procedural history is set forth in the government's response to the defendant's motion for compassionate release. Doc. 237. For purposes of this response, the government focuses on the procedural history of the defendant's

1

motion for compassionate release.

On December 28, 2021, the defendant filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking immediate release. Doc. 232 at 3-5. His proposed release plan was to live in a small house in Michoacan, Mexico with family. Doc. 234. Defendant submitted that four extraordinary and compelling reasons existed warranting his immediate release: (1) his sentence of 360 months' imprisonment is unusually long; (2) his life sentence was reduced to 360 months' imprisonment pursuant to Amendment 782; (3) he has a "remarkable record of rehabilitation," which shows that he is not a danger to the public; and (4) his sentence is grossly disproportionate to the crimes he committed. Doc. 232 at 5.

In his reply to the government's response to his motion for compassionate release, the defendant noted that district courts have held that "the COVID-19 pandemic constitutes an extraordinary and compelling reason for release." Doc. 238 at 1. He further stated that "COVID-19 presents a still-greater extraordinary and compelling reason for release when a defendant's prison is battling a bona fide outbreak." *Id*. Appendix A to his reply brief consisted of five pages of citations and facts for cases in which district courts granted compassionate release based on COVID-19. Doc. 238-1.

Specific to him, the defendant noted that "[a]s outlined below, Mr. Barajas

has several prescriptions for his medical conditions that increase his risk of severe illness should he contract the virus." Doc. 238 at 2. However, the defendant did not explain what his medical conditions are, which prescriptions he is taking, and how his medical conditions increase his risk of severe illness should he contract the COVID-19 virus. *Id*.

Defendant repeated his arguments that release was justified because he received an excessive 30-year sentence, *id*. at 4, had shown substantial rehabilitation, *id*. at 5, and the Section 3553(a) factors supported compassionate release in his case, *id*. at 6-7. The defendant also noted that he had provided information regarding his release plan, would provide additional information upon request, and that he would mostly likely be deported upon release. *Id*. at 8.

On March 10, 2022, the Court denied the defendant's request for compassionate release, finding that "defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence." Doc. 239 at 2. As to defendant's claim that his sentence is excessive, the Court explained, "Defendant has not identified any circumstances about his sentence, unique to him, that warrant a reduction in his sentence." *Id*. at 3. The Court considered and rejected the defendant's argument that his rehabilitation while in prison merited a sentence reduction. *Id*. at 3-4. The Court acknowledged that the

defendant referenced several district court cases granting compassionate release for reasons associated with the COVID-19 pandemic, but noted that defendant made "no argument that he should be released based on COVID-19[.]" *Id*. at 2 n.2. The Court further declined to consider such an argument, even if defendant had made one in his reply brief, because the defendant did not raise that argument in his motion. *Id*.

On April 15, 2022, the Clerk's Office docketed the defendant's motion for reconsideration of the court's denial of his motion for compassionate release. Doc. 241; *see also* Doc. 241-1 (Envelope stamped "MON 11 APR 2022$^{PM}$" and "RECEIVED APR 15 2022" by the Clerk's Office). The certificate of service, in which the defendant certified that he deposited the motion with prison officials for mailing, is dated April 1, 2022.

Defendant argued that in his original motion he "sought to request release on COVID-19." Doc. 241 at 1. He quoted a Los Angeles Times article for the proposition that risk posed by the COVID-19 BA.2 variant "is imminent." *Id*. at 2. He again referenced dozens of district court cases holding that COVID-19 amounts to an extraordinary and compelling reason for sentence reduction or immediate release. *Id*. at 2-9. However, the only connection he made to his specific situation was repeating a statement he had previously made in his reply brief: "As outlined

4

below, Mr. Barajas has several prescriptions for his medical conditions that increase his risk of severe illness should he contract the virus." *Id*. at 2-3. However, the defendant provided no further argument or information regarding his medical conditions, prescriptions, or how his medical conditions increase his risk of severe illness should he contract the COVID-19 virus.

The defendant repeated the arguments he made in his original motion pertaining to an excessive sentence, rehabilitation, and the Section 3553(a) factors. *Id*. at 9-11.

## II.     Standard For Reconsideration

A motion for reconsideration of a non-dispositive order must be filed within 14 days after the order is filed, and must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Local Rule 7.3(b). *See also United States v. Stanford*, No. 11-10211-01-EFM, 2012 WL 1253278, at *1 (D. Kan. Apr. 13, 2012).

"A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence." *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102, 2012 WL

5907461, at *1 (D. Kan. Nov. 26, 2012) (citing D. Kan. 7.3(b)). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *Id*.; *see also Stanford*, No. 11-10211-01-EFM, 2012 WL 1253278, at *1. The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

### III.  <u>Argument</u>

#### A. The Defendant Does Not Establish That His Motion To Reconsider Is Timely

As noted above, pursuant to Local Rule 7.3(b), a motion to reconsider a non-dispositive motion must be filed within 14 days after the order is filed. Here, the Court's order was filed on March 10, 2022, and, according to the defendant's certificate of service, the defendant's motion to reconsider was provided to prison officials for mailing on April 1, 2022. Doc. 241 at 13. Under the prisoner mailbox rule, an inmate's pleading is deemed filed as of the date on which it is deposited into the appropriate prison mailing system. *See Hall v. Scott*, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002). However, the defendant does not state when he received the Court's order and thus fails to establish that he timely filed the motion within 14 days.

#### B. There Is No Basis To Reconsider Defendant's Motion

Even if timely filed, the defendant's motion for reconsideration is not based

on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. D. Kan. Local Rule 7.3(b). The defendant does not explain why the Court should reconsider its earlier decision. In fact, the defendant presents no new information for the Court to consider in his motion for reconsideration. The defendant made the same arguments and presented virtually the same information in his original motion for compassionate release and reply to the government's response. *See* Docs. 232, 238. There is no new evidence or controlling law for the Court to consider.

Moreover, the defendant does not argue that the Court clearly erred or misapprehended the defendant's arguments, or that failure to reconsider will result in manifest injustice. Rather, the defendant rehashes prior arguments and references the same district court cases he previously identified. *Compare* Docs. 232, 238, 238-1, *with* Doc. 241. A motion to reconsider is not a second opportunity for the losing party to rehash arguments. *See Stanford*, No. 11-10211-01-EFM, 2012 WL 1253278, at *1. "Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally." *Id*.

The Court considered and rejected all of the defendant's arguments when it denied his motion for compassionate release. The defendant presented no new facts

or change in controlling law to support that the COVID-19 pandemic warrants his immediate release from custody. And the Court's rationale for declining to consider such an argument (Doc. 239 at 2 n.2) was well within the Court's discretion. Even construing the defendant's pro se motion for reconsideration liberally, *see Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), there is no basis for the Court to reconsider its decision denying the defendant's motion for compassionate release.

## IV.   <u>Conclusion</u>

For the foregoing reasons, the Court should deny the defendant's motion for reconsideration of the Court's order denying his motion for compassionate release.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

By:   s/Carrie N. Capwell
      Carrie N. Capwell, #78677
      First Assistant United States Attorney
      District of Kansas
      500 State Ave., Rm. 360
      Kansas City, Kansas 66101
      Tel.: (913) 551-6730
      Fax: (913) 551-6541
      carrie.capwell@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 6th day of May 2022, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to those attorneys who have entered their appearance in the matter; and, that a true and correct copy of the same will be sent, first class, postage prepaid, via the USPS to:

Samuel Barajas
Reg. No. 20607-031
FCI Safford
PO Box 9000
Safford, AZ 85548

s/Carrie N.Capwell
Carrie N. Capwell