IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                                            Case No. 10-20077-02-JWL

**Samuel Barajas,**

       **Defendant.**

## MEMORANDUM & ORDER

Defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. Based on a total offense level of 44 and a criminal history category of I, the advisory guideline range was life imprisonment. The court sentenced defendant to life in prison. In February 2017, the court granted defendant's motion for a sentence reduction under Amendment 782 and resentenced defendant to 360 months imprisonment, the low-end of the amended guideline range. Defendant's projected release date is December 18, 2035.

In December 2021, defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and for the appointment of counsel to assist him with that motion. In support of his motion for compassionate release, defendant argued that his 360-month sentence is excessive and that he has undergone substantial rehabilitation while in custody. Defendant also indicated in his motion that he intended to seek release based on "a dependent family member" and that he

would supplement his motion. Defendant also referenced the COVID-19 pandemic in his reply brief without articulating a coherent argument that he should be released on that basis. On March 10, 2022, the court denied defendant's motion for sentence reduction and to appoint counsel, finding that defendant's sentence was not excessive but was driven by a straightforward application of the guidelines and that his rehabilitation was not a basis for a reduction. The court did not consider the issue of the dependent family member (because the motion was never supplemented) and declined to consider any COVID-19 concerns in resolving the motion. This matter is now before the court on defendant's motion for reconsideration of the court's order denying the motion for sentence reduction. As will be explained, the motion is denied.

In his motion, defendant seeks to revisit the court's ruling with respect to his arguments that his sentence is excessive and that his rehabilitation warrants a reduction. On these issues, the government asserts that defendant has not shown that the motion for reconsideration is timely. As the government highlights, the court's memorandum and order was issued on March 10, 2022. Defendant's submissions indicate that he deposited his motion for reconsideration with prison officials on April 1, 2022, or 22 days after the filing of the court's memorandum and order. This is outside the permissible 14-day period to move for reconsideration. *See United States v. Warren*, 22 F.4th 917 (10th Cir. 2022) (14-day time limit to file motions for reconsideration in criminal proceedings). Because he has not indicated when he received the court's memorandum and order, he has not established that his motion for reconsideration was timely filed. *Blake v. Aramark Corp.*, 489 Fed. Appx. 267, 268–69 (10th Cir. 2012) (explaining, in the context whether plaintiff satisfied the prison mailbox rule, the various types of evidence that plaintiff could have provided to show his appeal timely was filed, including a declaration under penalty of perjury or a copy of

the prison mail log, but dismissing his appeal because plaintiff had not provided the required evidence). This aspect of the motion for reconsideration, then, is denied as untimely.

In addition to seeking to revisit issues that the court already addressed, defendant seeks leave to supplement his motion with respect to the two issues that were referenced but not developed in his prior motion—the circumstances surrounding defendant's dependent family member and his concerns about COVID-19. He also seeks the appointment of counsel to assist him in gathering and presenting evidence with respect to these issues. Rather than supplementing the motion that has already been denied, defendant should simply file a new motion for compassionate release based on those circumstances or medical reasons not yet addressed by the court. Leave is not required to do so. The court, however, denies defendant's request for the appointment of counsel to assist in presenting these issues to the court in the absence of any indication that those issues are complex or novel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no right to counsel beyond direct appeal); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 241) is denied.

**IT IS SO ORDERED.**

Dated this 28th day of June, 2022, at Kansas City, Kansas.

                                    <u>s/ John W. Lungstrum</u>
                                    John W. Lungstrum
                                    United States District Judge