IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

v.                 Case No. 10-20077-02-JWL

**Samuel Barajas,**

   **Defendant.**

## MEMORANDUM AND ORDER

   In May 2012, defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. Based on a total offense level of 44 and a criminal history category of I, the advisory guideline range was life imprisonment. The court sentenced defendant to life in prison. In February 2017, the court granted defendant's motion for a sentence reduction under Amendment 782 and resentenced defendant to 360 months imprisonment, the low-end of the amended guideline range. Defendant's projected release date is December 18, 2035.

   On December 11, 2023, defendant filed a pro se motion for reduction of sentence (doc. 246) asking the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) for extraordinary and compelling reasons, namely that his sentence is "unusually long" and is inconsistent with "novel developments in policy disagreements with

the methamphetamine guidelines 10:1 ratio and importation enhancements."  As will be explained, the motion is denied in part and dismissed in part.

The court begins with that aspect of the motion seeking a sentence reduction pursuant to Amendment 821.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C.1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."  *See* United Stated Sentencing Comm'n, Amendment 821,   https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 16, 2024).

Defendant contends that he was assigned no criminal history points and that, accordingly, he is a zero-point offender entitled to a decrease in two offense levels.  The court finds that defendant is not eligible for a sentence reduction under Amendment 821.  Specifically, defendant is not a zero-point offender, as he was assessed one criminal history point based on his prior criminal history.  In his reply, defendant asserts that the Presentence Investigation Report is not "evidence" and that the court cannot rely on it in determining whether defendant is a zero-point offender.  He further asserts that he remembers he was acquitted of the charge that resulted in the

scoreable point. The court rejects these arguments and, because defendant did not object to this portion of the PSR at his sentencing,[1] the court may rely on the PSR for purposes of assessing defendant's criminal history. *See United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (a defendant's failure to object to PSR under Criminal Procedure Rule 32 allows a district court to accept any undisputed portion as a finding of fact).  In sum, defendant is not eligible for a sentence reduction under Subpart 1 of Part B of Amendment 821. Because the reduction is not authorized, the court lacks jurisdiction to reduce defendant's sentence.  This part of the motion, then, is dismissed.

That leaves defendant's argument under § 3582(c)(1)(A) that the court should reduce his sentence for extraordinary and compelling reasons.  The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[2] A court may deny compassionate-

---

[1] With respect to defendant's criminal history computation, defendant objected only to Paragraph 64 of the PSR.  That paragraph, however, had no effect on defendant's criminal history category and the court mooted the objection at sentencing.

[2] The government does not mention the exhaustion requirement and any argument that defendant has not exhausted his remedies is therefore waived.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814.  Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release.  The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814.  A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).  The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Defendant asks the court to analyze his motion under U.S.S.G. § 1B1.13(b)(6)—the provision for extraordinary and compelling reasons based on an unusually long sentence where there has been a change in law. U.S.S.G. § 1B1.13(b)(6). The motion is denied. To be clear, defendant has not pointed to any change in the law and there has been none—defendant would receive the same sentence today that he received after the Amendment 782 reduction was applied.[3] Moreover, courts have rejected the argument that the methamphetamine-related sentencing guidelines present extraordinary and compelling circumstances sufficient for a sentence reduction. *See, e.g., United States v. Casares-Cuevas*, 2023 WL 7157860, at *3 (D. Nev. Oct. 31, 2023) (rejecting argument that defendant's higher base offense level for possessing methamphetamine actual versus methamphetamine mixture creates sentencing disparity; newly sentenced defendants convicted of the same crime would receive similar sentence); *United States .v Hanks*, 2023 WL 6133441, at *2-3 (S.D. Miss. Sept. 19, 2023) (sentencing is the more appropriate stage to consider policy disagreements with methamphetamine guidelines; asserted "unjust" distinction between pure methamphetamine and methamphetamine mixtures is not an appropriate basis for compassionate release); *United States v. Champion*, 2023 WL 5604175, at *4 (W.D.N.C. Aug. 29, 2023) (harsher treatment of higher purity methamphetamine does not present extraordinary and compelling reason for reduction); *United States v. Hall*, 2023 WL 3366547, at *3 (W.D. La.

---

[3] Defendant relies on *United States v. Havel*, 2023 WL 2089227, at *2 (D. Neb. Feb. 17, 2023) to support his argument that the methamphetamine guidelines are unduly harsh and warrant a reduction. But *Havel* is distinguishable. In *Havel*, the court granted a downward variance at the defendant's initial sentencing in light of its "categorial policy disagreement" with the guidelines. The court did not analyze whether the application of those guidelines constitutes an extraordinary and compelling reason for a reduction under § 3582(c)(1)(A).

5

May 10, 2023) (rejecting argument that "outdated" methamphetamine guidelines and resulting sentence presented extraordinary and compelling circumstances for release).

Because defendant has not shown that the application of the methamphetamine guidelines is an extraordinary and compelling reason for a sentence reduction, the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence (doc. 246) is denied in part and dismissed for lack of jurisdiction in part.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2024, at Kansas City, Kansas.

                                                                            s/John W. Lungstrum
                                                            HON. JOHN W. LUNGSTRUM
                                                            United States District Judge