IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                                      Case No. 10-20077-02-JWL

**Samuel Barajas,**

      **Defendant.**

## MEMORANDUM & ORDER

Defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. Based on a total offense level of 44 and a criminal history category of I, the advisory guideline range was life imprisonment. The court sentenced defendant to life in prison. In February 2017, the court granted defendant's motion for a sentence reduction under Amendment 782 and resentenced defendant to 360 months imprisonment, the low-end of the amended guideline range. Defendant's projected release date is January 28, 2036.

This matter is now before the court on defendant's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 251). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant

administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*.[1]

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a

---

[1] The government has neither expressly conceded nor challenged defendant's exhaustion of remedies. Rather, the government states that defendant has provided "little evidence" to suggest proper exhaustion and that the evidence that is provided "does little to suggest that the Warden received and denied the very claims [defendant] presents" in his motion. Because the government then proceeds to the merits of defendant's claims, the court deems the government to have waived the exhaustion issue. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (concluding that "§ 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule" and not jurisdictional so government's waiver of issue removes bar to assessing motion on merits).

"circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

The defendant argues that two extraordinary and compelling reasons exist for his immediate release from prison—his 360-month sentence is excessive and he has undergone substantial rehabilitation while in custody. The court (and the government) construes defendant's argument that his sentence is excessive as an argument under § 1B1.13(b)(6)—the provision concerning an unusually long sentence where there has been a change in law that produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed. Defendant fails to identify any change in law concerning his sentence, let alone a change that produces a gross disparity between the sentence he is serving and the one likely to be imposed now.[2] Moreover, the record reveals that his sentence was based on a straightforward application of the sentencing guidelines in light of his crimes of conviction. The PSR calculated a base offense level of 38 based on the quantity of methamphetamine attributed to defendant (more

---

[2] Defendant suggests in his motion that his sentence is the result of "stacking"—presumably a reference to the practice of stacking sentences for multiple first-time § 924(c) offenses charged in a single indictment. Congress eliminated the stacking provision in the First Step Act. But § 924(c) had no bearing on defendant's sentence in this case and the stacking provision did not apply to his sentence.

3

than 1.5 kilograms of "Ice") and he received a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine. He received a four-level enhancement based on his leadership role in the offense. In light of these circumstances, defendant cannot establish that his sentence is "unusually long" or, more importantly, that a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed today.

This leaves only defendant's argument that his rehabilitation while incarcerated warrants his early release. But rehabilitation alone is not an extraordinary and compelling reason for relief. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a sentence reduction under § 3583(c)(1)(A)]."); *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). The court, then, rejects defendant's arguments that extraordinary and compelling reasons justify his release from custody.

Because defendant has failed to establish extraordinary and compelling reasons to support a sentence reduction, the court declines to address the § 3553(a) factors. *United States v. Guzman-Aviles*, 2025 WL 615386, at *2 (10th Cir. Feb. 26, 2025) ("[H]aving found that Guzman-Aviles failed to establish extraordinary and compelling reasons for a sentence reduction, the district court was free to deny compassionate release without addressing the § 3553(a) factors.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 251) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2025, at Kansas City, Kansas.

<u>s/John W. Lungstrum</u>
John W. Lungstrum
United States District Judge
