**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff,**

**v.** **Case No. 10-20077-02-JWL**

**Samuel Barajas,**

**Defendant.**

**MEMORANDUM AND ORDER**

In May 2012, defendant Samuel Barajas was convicted by a jury of conspiracy to distribute more than 500 grams of methamphetamine; aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine; and using a communication facility (a cellular telephone) in committing, causing and facilitating the conspiracy. Based on a total offense level of 44 and a criminal history category of I, the advisory guideline range was life imprisonment. The court sentenced defendant to life in prison. In February 2017, the court granted defendant's motion for a sentence reduction under Amendment 782 and resentenced defendant to 360 months imprisonment, the low-end of the amended guideline range. Defendant's projected release date is January 28, 2036.

In December 2023, defendant filed a pro se motion for reduction of sentence asking the court, in pertinent part, to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. In support of that motion, defendant argued that he was a zero-point offender. The court determined that defendant was not a zero-point offender because he was assessed one criminal history point. The court held, then, that

defendant was not eligible for a sentence reduction under Subpart 1 of Part B of Amendment 821. Because the reduction was not authorized, the court lacked jurisdiction to reduce defendant's sentence and dismissed that aspect of defendant's motion.

Defendant has now filed another motion for a sentence reduction (doc. 255) pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821, arguing again that he is a zero-point offender. Because the court has already resolved this issue, the court construes the motion as a motion to reconsider. The Federal Rules of Criminal Procedure do not authorize motions for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Such motions are proper, however, whether filed by a defendant or the government. *Id*. at 1242. The Circuit has held that motions to reconsider in criminal proceedings must be filed within 14 days of the order. *Id*. (holding that motion to reconsider "the denial of a § 3582(c)(2) motion must be brought within the time for appeal"). The court's memorandum and order that defendant now seeks to have reconsidered was issued in January 2024. Because defendant's motion was filed more than two years after the original order, it is untimely. *See United States v. Chavez*, 2025 WL 2985852, at *2 (10th Cir. Oct. 23, 2025) (§ 3582(c)(2) motion for reduced sentence pursuant to Amendment 821 was properly denied as untimely when it was filed three months after initial order denying relief). Defendant's motion, then, is denied as untimely.

Finally, to the extent defendant's motion includes a request for the appointment of counsel, that request is denied. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs*., 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Defendant's pro se motion reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion for a sentence

reduction are straightforward. Having given defendant the benefit of all doubts with respect to his motion, the court is confident that the appointment of counsel would have no bearing on the outcome of the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence (doc. 255) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge